AF Approval [signature]　　　　Chief Approval CLR

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　CASE NO. 8:17-cr-357-T-24JSS

JAY MCINERNEY

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, and the defendant, Jay McInerney, and the attorney for the defendant, Adam B. Allen, mutually agree as follows:

### A. Particularized Terms

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with bankruptcy fraud, in violation of 18 U.S.C. § 157.

2. Maximum Penalties

Count One carries a maximum sentence of five years imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim

Defendant's Initials [initials]

of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: The defendant knowingly devised or intended to devise a scheme or artifice to defraud;

Second: The defendant acted with the intent to defraud;

Third: The defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing the acts of an identifiable person, entity, or group; and

Fourth: The defendant filed a petition under Title 11 of the United States Code for the purpose of executing or attempting to execute the scheme or artifice.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge

Defendant's Initials    2

defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to Freddie Mac and Clerk of Court, U.S. Bankruptcy Court, Middle District of Florida.

7. Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8. Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range,

Defendant's Initials    3

as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.** **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials ____ 4

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

Defendant's Initials _/4_  5

factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United

Defendant's Initials _____ 6

States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any

Defendant's Initials ____ 7

recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____      8

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation

Defendant's Initials _____    9

and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set

Defendant's Initials _____   10

forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

Jay McInerney was a "bankruptcy petition preparer" as that term was defined in 11 U.S.C. § 110(a)(1).

JP Morgan Chase Bank, was a financial institution, with offices located throughout the United States, including the State of Florida. Chase Home Finance was a subsidiary of JP Morgan Chase Bank.

Bank of New York Mellon, was a financial institution, with offices located throughout the United States, including the State of Florida.

The Federal Home Loan Mortgage Corporation ("Freddie Mac") was a government-sponsored enterprise chartered by Congress with a mission to provide liquidity, stability, and affordability to the United States housing and mortgage markets. Freddie Mac purchased loans from lenders, packaged the loans into securitizations and then guaranteed the principal and interest of the mortgage loans for investors in its securitizations.

The Federal National Mortgage Association ("Fannie Mae") was a government-sponsored enterprise chartered by Congress with a mission to provide liquidity, stability, and affordability to the United States housing and mortgage markets. Fannie Mae purchased loans from lenders,

Defendant's Initials _____    11

packaged the loans into securitizations and then guaranteed the principal and interest of the mortgage loans for investors in its securitizations.

Beginning on a date in or about October 2012, and continuing through on or about February 17, 2017, in the Middle District of Florida, defendant Jay McInerney knowingly and intentionally devised a fraud scheme to defraud creditors including JP Morgan Chase Bank and Bank of New York Mellon, holders of lawfully recorded mortgage notes, or Fannie Mae and Freddie Mac, the guarantors of the mortgage notes. The purpose of the scheme to defraud was to obtain ill-gotten bankruptcy preparation fees ~~and commissions~~ in connection with preparing and filing the fraudulent bankruptcies.

Jay McInerney prevented creditors from lawfully foreclosing on properties secured by mortgage notes, by filing or causing to be filed, fraudulent bankruptcies on behalf of the homeowners he had solicited. These bogus bankruptcy petitions invoked the automatic stay provision of federal bankruptcy law, which brought an immediate halt to any foreclosure actions against the homeowners' property. After filing a sham bankruptcy petition, Jay McInerney, or the homeowner at his direction, took the bankruptcy petition receipts to the Clerk of Court at the Hillsborough County Courthouse located in Tampa, Florida, the Clerk of Court at the Pasco County

Defendant's Initials _____ 12

Courthouse located in New Port Richey, Florida, and to other Clerks of Court located elsewhere in the Middle District of Florida in order to halt foreclosure sales. After receiving the bankruptcy receipt, the respective Clerk of Court cancelled the impending foreclosure sale, thereby preventing creditors and guarantors from foreclosing.

For example, Chase Home Finance filed a Notice of Lis Pendens and began foreclosure proceedings against homeowner M.A. in 2007 pursuant to a mortgage note it held that was secured by real property located at 10708 Dowry Avenue, Tampa, FL. Freddie Mac purchased and guaranteed the mortgage loan. In September of 2012, McInerney solicited and informed M.A. that he could stop the foreclosure sale by filing a bankruptcy petition and that this would prevent the bank from taking his home. McInerney told M.A. that the only purpose of the bankruptcy filing was to stop JP Morgan Chase Bank from foreclosing on his home. Following his conversation with M.A., McInerney prepared a Chapter 13 bankruptcy petition, and M.A. signed it. McInerney then collected $175 from M.A. for preparing the fraudulent petition. On or about the October 31, 2012, McInerney filed M.A.'s fraudulent Chapter 13 bankruptcy petition and related documents with the Clerk of Court, United States Bankruptcy Court for the Middle District of

Defendant's Initials _____  13

Florida [Case No. 8:12-bk-16672-CPM]. McInerney prepared, signed and certified these documents under penalty of perjury and other criminal offenses.

Similarly, as part of his ongoing scheme to defraud creditors and guarantors, McInerney filed or caused to be filed the following bankruptcy petitions (collectively "Similar Cases"):

| **Bankruptcy Case** | **Creditor/Guarantor** |
|---|---|
| In re Al-Samkari (8:13-bk-10240-CPM) | JP Morgan Chase Bank/Freddie Mac |
| In re Rose (8:14-bk-07912-CED) | Bank of New York Mellon |
| In re Rose (8:14-bk-13020-CED) | Bank of New York Mellon |
| In re Rose (8:15-bk-02667-CED) | Bank of New York Mellon |
| In re Vinales (8:15-bk-01354-CED) | Fannie Mae |
| In re Baker (8:16-bk-03959-CPM) | Bank of New York Mellon |
| In re Madias (8:16-bk-04553-CPM) | Fannie Mae |

In all, McInerney filed one hundred and twenty three (123) Chapter 7 and Chapter 13 bankruptcy petitions, collecting on average a $250 preparation fee. *[handwritten annotations: "Between $175 and" / "ap"]*

The total losses associated with McInerney's criminal conduct total $88,310.06.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____  14

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __17__ day of __July__, 2017.

W. STEPHEN MULDROW
Acting United States Attorney

_____
Jay McInerney
Defendant

_____
Adam B. Allen
Attorney for Defendant

_____
Christopher Poor
Assistant United States Attorney

_____
for: Simon A. Gaugush
Assistant United States Attorney
Chief, Economic Crimes Section

15